**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ADP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TODD HUNZEKER CHEVROLET, OLDS, BUICK, INC., and TODD HUNZEKER,<br><br>Defendants. | CA No. 07-486 S<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT TODD HUNZEKER'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(2) AND 12(b)(6)** |

NOW comes Defendant Todd Hunzeker, by and through counsel of record, and hereby files this Memorandum in Support of Defendant Todd Hunzeker's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) and 12(b)(6). By this motion, Defendant Todd Hunzeker argues that he has never interacted with Plaintiff in his individual capacity and, therefore, he has not subjected himself to the jurisdiction of this Court and Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**RELEVANT FACTS AND PROCEDURE**

Todd Hunzeker Chevrolet, Olds, Buick, Inc. ("Hunzeker Chevrolet") is an Idaho corporation with its principal place of business in Soda Springs, Idaho. Affidavit of Todd Hunzeker in Support of Defendant Todd Hunzeker's Motion to Dismiss ("Hunzeker Affidavit"). At all times relevant to this lawsuit, Todd Hunzeker was and is the President of Hunzeker Chevrolet. *Id.* Todd Hunzeker Ford Mercury, Inc. ("Hunzeker Ford") is an Idaho corporation with its principal place of business in Soda Springs, Idaho. *Id.* At all times relevant to this

lawsuit, Todd Hunzeker was and is the President of Hunzeker Ford. *Id.* These corporations are in the business of selling automobiles. *Id.*

ADP, Inc. is a Delaware corporation with its principal place of business in Roseland, New Jersey. Complaint. BZ Results is a division of ADP, Inc. and has a principal place of business in Coventry, Rhode Island. *Id.* At the times relevant to this lawsuit, BZ Results held itself out as a company which specializes in creating car dealer websites and training those car dealerships to use web-based marketing to increase sales and market exposure. *Id.*; *see also* Hunzeker Affidavit.

At the beginning of the year in 2006, Todd Hunzeker, as President of Hunzeker Chevrolet and Hunzeker Ford, entered into contractual negotiations with BZ Results to obtain its services/products. See, Hunzeker Affidavit. At the beginning of April, 2006, Hunzeker Chevrolet entered into the Terms and Conditions Agreement which is attached as Exhibit A to Plaintiff's Complaint. *Id.* Todd Hunzeker, as President of Hunzeker Chevrolet, signed the Terms and Conditions Agreement. *Id.* On the same day, Hunzeker Ford entered into the Terms and Conditions Agreement which is attached as Exhibit B to Plaintiff's Complaint. *Id.* Todd Hunzeker, as President of Hunzeker Ford, signed the Terms and Conditions Agreement. *Id.*

Because Hunzeker Chevrolet and Hunzeker Ford felt BZ Results was not fulfilling its obligations under the contracts, Todd Hunzeker – as President of Hunzeker Chevrolet and Hunzeker Ford – complained to BZ Results on numerous occasions. *Id.*

On October 10, 2007, the Idaho Secretary of State administratively dissolved Hunzeker Ford for its failure to file its annual report. *Id.* On January 7, 2008, the Idaho Secretary of State's Office reinstated Hunzeker Ford and restored Hunzeker Ford's corporate powers and rights to do business in the State of Idaho. *Id.*

Whenever Todd Hunzeker was communicating or otherwise working with BZ Results, he was doing so as President of Hunzeker Chevrolet and Hunzeker Ford. *Id.* At no time was he communicating or otherwise working with BZ Results in his individual capacity. *Id.*

On December 31, 2007, Plaintiff filed its lawsuit against Defendants, naming Todd Hunzeker in said lawsuit in his individual capacity and alleging that he is liable for the alleged wrongful acts of Hunzeker Ford. See, Plaintiff's Complaint. The Complaint alleges a cause of action against Todd Hunzeker for breach of contract and for unjust enrichment. *Id.* Plaintiff served Todd Hunzeker with a Summons and Complaint on January 8, 2008. See, Hunzeker Affidavit.

Todd Hunzeker has never been to Rhode Island. *Id.* He has no family in Rhode Island. *Id.* He has never traveled to Rhode Island. *Id.* He has never owned property in Rhode Island. *Id.* The only business he has conducted in Rhode Island was done as President of Hunzeker Chevrolet and Hunzeker Ford. *Id.*

## ANALYSIS

For the reasons stated below, the Court should dismiss Defendant Todd Hunzeker from this lawsuit.

### I. The Court Should Dismiss Defendant Todd Hunzeker from this Lawsuit Based on Lack of Personal Jurisdiction.

The Court should dismiss Defendant Todd Hunzeker from this lawsuit pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because the Court lacks personal jurisdiction over him in his individual capacity. In order for a court to hear a case, it must have personal jurisdiction over the parties – "'that is, the power to require the parties to obey its decrees.'" *Daynard v. Ness*, 290 F.3d 42, 50 (1st Cir. 2002) (citing *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 35 (1st Cir. 1999)).

The plaintiff bears the burden of proving that the court has personal jurisdiction over the defendant. *Daynard*, 290 F.3d at 50. In determining whether the court has personal jurisdiction, it may choose from among several methods in examining whether the plaintiff has met its burden. *Id.*, 290 F.3d at 50-51. The prima facie method is the most conventional of these methods and permits the court to consider only whether the plaintiff in the particular case has proffered evidence that is enough to support findings of the facts necessary to establish personal jurisdiction. *Id.*, 290 F.3d at 51.

In undertaking the required analysis under the prima facie standard, the court must accept specific facts affirmatively alleged by the plaintiff as true and construe them in the light most favorable to the plaintiff's jurisdictional claim. *Massachusetts School of Law at Andover, Inc. v. American Bar Association*, 142 F.3d 26, 34 (1st Cir. 1998). In addition, the court must consider those uncontroverted facts offered by the party opposing jurisdiction. *Id.*

A court may exercise personal jurisdiction over a party by virtue of either general or specific jurisdiction. *Id.* General jurisdiction exists where the defendant has engaged in activity within the forum state which is continuous and systematic, even if the activity is unrelated to the lawsuit. *Daynard*, 290 F.3d at 51.

In this case, general jurisdiction does not exist. As noted above, Todd Hunzeker has not been to Rhode Island, he has no relatives there, he does not own property in Rhode Island and his only contacts with the forum state are those he made while acting as President of Hunzeker Chevrolet and Hunzeker Ford.

In the absence of general jurisdiction, the ability of a court to exercise personal jurisdiction over a party depends on whether specific jurisdiction exists. *Id.* To establish specific jurisdiction, Plaintiff must show that the Rhode Island long-arm statute grants jurisdiction and, to the extent it does, Plaintiff must then show that the exercise of personal

jurisdiction under the statute is consistent with constitutional due process requirements. *Rose v. Firstar Bank*, 819 A.2d 1247, 1250 (R.I. 2003). Rhode Island's long-arm statute provides that "'every foreign corporation . . . that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island . . . in every case not contrary to the provisions of the constitution or laws of the United States.'" *Id.* The Supreme Court of Rhode Island interpreted that language to permit the exercise of jurisdiction over defendants who are non-residents "to the fullest extent allowed by the United States Constitution." *Id.* Therefore, the Court may "sidestep the statutory inquiry and proceed directly to the constitutional analysis." *Daynard*, 290 F.3d at 52.

The Due Process Clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)). Due process requires that before a court may exercise personal jurisdiction over a defendant who is not present within the forum state, he must have certain minimum contacts with the forum such that maintenance of the lawsuit against him "does not offend 'traditional notions of fair play and substantial justice.'" *Id.*, 290 F.3d at 52 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). In a case involving a contract, the court should evaluate the parties' actual course of dealing, the terms of the contract, and the contemplated future consequences in determining whether the defendant established minimum contacts. *Id.*, 290 F.3d at 52.

For specific jurisdiction analysis, the First Circuit divides the constitutional analysis into three different categories: relatedness, purposeful availment, and reasonableness. *Id.*, 290 F.3d at 60.

**A. Relatedness.**

Under the "relatedness" analysis, the claim must be related to, or arise out of, the defendant's in-forum activities. *Massachusetts School of Law*, 142 F.3d at 35. When the analysis is applied to a situation dealing with a contract, the question is whether the defendant's forum-based activities are instrumental in the formation of the relevant contract. *Id.*

In this case, the answer is clearly "no." Todd Hunzeker, as an individual, was not involved in the formation of the contract. As indicated above, his only participation in negotiations regarding the business relationship was as the President of Hunzeker Chevrolet and Hunzeker Ford. He was acting as the agent of those corporations. His role was the same when it came to the formation and execution of the contracts. In fact, he made sure there would be no doubt that he was acting as an agent of the corporations when he signed the contracts. Under his signature on the respective contracts, he identified himself as "President" of Hunzeker Chevrolet and Hunzeker Ford.

**B. Purposeful availment.**

Next, the Court must turn to the question of "purposeful availment." Todd Hunzeker's in-state contacts "'must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.'" *Daynard*, 290 F.3d at 61 (citing *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995)). Voluntariness and foreseeability are the primary areas of focus in this analysis. *Daynard*, 290 F.3d at 61.

In this case, Todd Hunzeker, as an individual, did not purposefully avail himself of the privilege of conducting activities in the forum state. He simply did not invoke the benefits and protections of Rhode Island's laws, nor did his actions make being haled into court in Rhode

Island foreseeable. Todd Hunzeker – at all times that he was dealing with Plaintiff and conducting activities in Rhode Island – was acting as an agent of Hunzeker Chevrolet and Hunzeker Ford. He never acted in his individual capacity. Therefore, there is no reason he should have anticipated being haled into court in Rhode Island in his individual capacity.

**C. <u>Reasonableness.</u>**

Finally, the exercise of jurisdiction in the forum state over the defendant must be reasonable. *Daynard*, 290 F.3d at 62. If the Court exercises personal jurisdiction over Todd Hunzeker, it would be *unreasonable*. He was acting at all times as the President of Hunzeker Chevrolet and Hunzeker Ford. If corporate officers are allowed to be sued in foreign states in their individual capacities, it will place a chilling effect on their willingness to perform their duties. Corporate officers rely on the protections of the corporation.

Under the due process analysis above, the Court should dismiss Todd Hunzeker from this lawsuit pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. It would offend traditional notions of fair play and substantial justice if the Court were to exercise personal jurisdiction over him given the facts of this case.

**II. <u>The Court Should Dismiss Defendant Todd Hunzeker from the Lawsuit Because Plaintiff Has Failed to State a Claim Against Him Upon which Relief Can Be Granted.</u>**

The Court should dismiss Defendant Todd Hunzeker from the lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has failed to state a claim against him in his individual capacity upon which relief can be granted. In its Complaint, Plaintiff alleges causes of action against Todd Hunzeker, in his individual capacity, for actions allegedly taken by the corporations Hunzeker Mercury and Hunzeker Ford. Plaintiff's Complaint fails to state a claim against Todd Hunzeker upon which relief can be granted.

Todd Hunzeker, the President of Hunzeker Mercury and Hunzeker Ford, is a separate "person" from Todd Hunzeker the individual. Plaintiff has pled no set of facts which would allow it to pierce Todd Hunzeker's corporate persona. By all accounts, Todd Hunzeker was acting as a corporate officer at the time he was negotiating and executing contracts. If the Court reviews the Complaint, it will find that all allegations pertaining to the breach of contract and unjust enrichment claims relate to the actions of the corporations and their agents. Therefore, the Court should dismiss Todd Hunzeker from this lawsuit.

**CONCLUSION**

Based on the facts, law and analysis presented above, the Court should dismiss Todd Hunzeker from this lawsuit.

TODD HUNZEKER CHEVROLET,
OLDS, BUICK, INC., and
TODD HUNZEKER,

By their Attorneys,

/s/ Steven J. De Luca
Steven J. DeLuca, Esq., #4192
Sullivan Signore Whitehead & DeLuca LLP
86 Weybosset Street, Suite 400
Providence, RI 02903
Tel: (401) 861-9900
Fax: (401) 861-9977

/s/ James D. Ruchti
James D. Ruchti, Idaho ISB #6366
Cooper & Larsen
151 N. 3rd Ave., Suite 210
Pocatello, ID 83205
Tel: (208) 235-1145
Fax: (208) 235-1182
(Mr. Ruchti to seek Admission Pro Hac Vice)

**DATED the 8th day of September, 2008.**

**CERTIFICATION**

I hereby certify that on this 8th day of September, 2008, a true copy of the foregoing memorandum was e-mailed via ECF to Robin L. Main, Esq. and Jeffrey A. Mega, Esq., Hinckley Allen & Snyder, LLP, 50 Kennedy Plaza, Suite 1500, Providence, RI 02903.

/s/ Steven J. De Luca