**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ADP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TODD HUNZEKER CHEVROLET, OLDS, BUICK, INC., and TODD HUNZEKER,<br><br>Defendants. | CA No. 07-486 S |
| TODD HUNZEKER CHEVROLET, OLDS, BUICK, INC., and TODD HUNZEKER FORD MERCURY,<br><br>Counterclaimants,<br><br>vs.<br><br>ADP, INC.<br><br>Counterdefendant. | **ANSWER TO COMPLAINT AND COUNTERCLAIM AND DEMAND FOR JURY TRIAL** |

## I. ANSWER TO COMPLAINT

NOW come the above captioned Defendants, by and through counsel of record, and in answer to Plaintiff's Complaint, admit, deny and allege as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against these Defendants upon which relief can be granted.

**SECOND DEFENSE**

These Defendants deny each and every allegation of Plaintiff's Complaint not herein expressly and specifically admitted. These Defendants further reserve the right to amend this or any other answer or denial stated herein, once they have had an opportunity to conduct or complete discovery regarding any of the claims and allegations contained within the Plaintiff's Complaint. These Defendants also reserve the right to amend this answer to assert additional affirmative defenses or to abandon affirmative defenses once discovery has been completed.

**THIRD DEFENSE**

**JURISDICTION**

I.

Answering what is designated as Paragraph 1, these Defendants do not have sufficient knowledge and information to either admit or deny the allegations contained in this paragraph and, therefore, deny the same.

II.

Answering what is designated as Paragraph 2, these Defendants admit the same.

III.

Answering what is designated as Paragraph 3, these Defendants admit the same. Defendants further admit that on January 7, 2008, the Idaho Secretary of State's Office reinstated Todd Hunzeker Ford Mercury, Inc. ("Hunzeker Ford") and restored Hunzeker Ford's corporate powers and rights to do business in the State of Idaho.

IV.

Answering what is designated as Paragraph 4, these Defendants admit that Plaintiff seeks damages in excess of $197,876.84, but deny that Plaintiff has suffered damages. Defendants further admit that this Court has jurisdiction over Plaintiff and Todd Hunzeker Chevrolet, Olds,

Buick, Inc. ("Hunzeker Chevrolet") pursuant to 28 U.S.C. § 1332, but deny that this Court has jurisdiction over Todd Hunzeker.

**VENUE**

V.

Answering what is designated as Paragraph 5, these Defendants admit that venue is proper in the U.S. District Court for the District of Rhode Island in the lawsuit brought by Plaintiff against Hunzeker Chevrolet because Plaintiff's business division conducts business operations in said District with its principal place of business in Coventry, Rhode Island; however, these Defendants deny that venue is proper in the lawsuit brought by Plaintiff against Todd Hunzeker.

**FACTS**

VI.

Answering what is designated as Paragraph 6, these Defendants admit the same.

VII.

Answering what is designated as Paragraph 7, these Defendants admit the same.

VIII.

Answering what is designated as Paragraph 8, these Defendants admit the same.

IX.

Answering what is designated as Paragraph 9, these Defendants deny the same.

X.

Answering what is designated as Paragraph 10, these Defendants deny the same.

XI.

Answering what is designated as Paragraph 11, these Defendants deny the same. The contract between Plaintiff and Hunzeker Chevrolet speaks for itself. Hunzeker Chevrolet made payments under the contract until it was readily apparent that Plaintiff was not going to perform its

obligations under the contract, thereby relieving Hunzeker Chevrolet from performing its further obligations under the contract.

XII.

Answering what is designated as Paragraph 12, these Defendants deny the same. The contract between Plaintiff and Hunzeker Ford speaks for itself. Hunzeker Ford made payments under the contract until it was readily apparent that Plaintiff was not going to perform its obligations under the contract, thereby relieving Hunzeker Ford from performing its further obligations under the contract.

XIII.

Answering what is designated as Paragraph 13, these Defendants admit that Plaintiff is seeking recovery of its actual damages, as well as attorney fees and costs, under the contracts referred to in Paragraph 13 of Plaintiff's Complaint. However, Defendants deny that Plaintiff was damaged as claimed in its Complaint and deny Plaintiff's claims for attorney fees and costs.

**FIRST CAUSE OF ACTION**

**For Breach of Contract by ADP, Inc. against Hunzeker Chevrolet**

XIV.

Answering what is designated as Paragraph 14, these Defendants restate their answers above to Paragraphs 1-13 of Plaintiff's Complaint.

XV.

Answering what is designated as Paragraph 15, these Defendants deny said paragraph.

XVI.

Answering what is designated as Paragraph 16, these Defendants deny said paragraph.

**SECOND CAUSE OF ACTION**

**For Breach of Contract by ADP, Inc. against Hunzeker**

XVII.

Answering what is designated as Paragraph 17, these Defendants restate their answers above to Paragraphs 1-16 of Plaintiff's Complaint.

XVIII.

Answering what is designated as Paragraph 18, these Defendants deny said paragraph.

XIX.

Answering what is designated as Paragraph 19, these Defendants deny said paragraph.

**THIRD CAUSE OF ACTION**

**For Unjust Enrichment by ADP, Inc. against Hunzeker Chevrolet**

XX.

Answering what is designated as Paragraph 20, these Defendants restate their answers above to Paragraphs 1-19 of Plaintiff's Complaint.

XXI.

Answering what is designated as Paragraph 21, these Defendants admit said paragraph.

XXII.

Answering what is designated as Paragraph 22, these Defendants admit Plaintiff conveyed a limited benefit upon Hunzeker Chevrolet by providing digital marketing services, and that Plaintiff further expended limited out of pocket sums to install and bring the digital marketing system into live operation, but Defendants further state that Hunzeker Chevrolet compensated Plaintiff accordingly.

XXIII.

Answering what is designated as Paragraph 23, these Defendants answer that they compensated Plaintiff for the benefits conveyed by Plaintiff to Hunzeker Chevrolet. These Defendants deny the remainder of the paragraph.

**FOURTH CAUSE OF ACTION**

**For Unjust Enrichment by ADP, Inc. against Hunzeker**

XXIV.

Answering what is designated as Paragraph 24, these Defendants restate their answers above to Paragraphs 1-23 of Plaintiff's Complaint.

XXV.

Answering what is designated as Paragraph 25, these Defendants admit the same.

XXVI.

Answering what is designated as Paragraph 26, these Defendants admit Plaintiff conveyed a limited benefit upon Hunzeker Ford by providing digital marketing services, and that Plaintiff further expended limited out of pocket sums to install and bring the digital marketing system into live operation, but these Defendants further state that Hunzeker Chevrolet compensated Plaintiff accordingly.

XXVII.

Answering what is designated as Paragraph 27, these Defendants answer that they compensated Plaintiff for the benefits conveyed by Plaintiff to Hunzeker Ford. These Defendants deny the remainder of the paragraph

.

**FOURTH DEFENSE**

Plaintiff failed to mitigate its damages.

**FIFTH DEFENSE**

The Plaintiff's own actions and/or the actions of a third party(ies) caused or contributed to Plaintiff's alleged injuries and/or damages complained of in its Complaint for which these Defendants have no responsibility.

**SIXTH DEFENSE**

Plaintiff is not entitled to the relief it is seeking because the Plaintiff made material misrepresentations and/or omissions of fact which fraudulently induced Hunzeker Ford and Hunzeker Chevrolet to enter into the service contracts described above with Plaintiff.

**SEVENTH DEFENSE**

Defendant Todd Hunzeker should be dismissed from this lawsuit because this Court lacks personal jurisdiction over him.

**EIGHTH DEFENSE**

Plaintiff is not entitled to the relief it is seeking because it has waived its rights to that relief.

**NINTH DEFENSE**

Plaintiff is not entitled to the relief it is seeking because it breached the terms and conditions of the contracts described above between Plaintiff and Hunzeker Chevrolet and between Plaintiff and Hunzeker Ford and otherwise failed to perform as expressly agreed.

**TENTH DEFENSE**

Plaintiff is not entitled to the relief it is seeking because it did not provide consideration under the contracts described above.

**ELEVENTH DEFENSE**

These Defendants should be dismissed from this lawsuit because service of process was insufficient.

**TWELFTH DEFENSE**

Plaintiff is not entitled to the relief it is seeking because it failed to satisfy a condition precedent required under the contracts described above.

**THIRTEENTH DEFENSE**

Based on the doctrine of unjust enrichment, Plaintiff is not entitled to the relief it is seeking.

**FOURTEENTH DEFENSE**

Plaintiff's claim for damages, or any damages awarded to Plaintiff in this lawsuit, should be offset by payments made to Plaintiff by Defendants and Hunzeker Ford.

**FIFTEENTH DEFENSE**

Based on the doctrine of unclean hands, Plaintiff is not entitled to the relief it is seeking.

**SIXTEENTH DEFENSE**

Plaintiff is not entitled to the relief it is seeking because it has waived its rights to said relief.

**SEVENTEENTH DEFENSE**

Plaintiff is not entitled to the relief it is seeking because by its actions it is estopped from seeking said relief.

**EIGHTEENTH DEFENSE**

Based on the doctrine of accord and satisfaction, Plaintiff is not entitled to the relief it is seeking.

**NINETEENTH DEFENSE**

These Defendants and Hunzeker Ford have fulfilled all of their obligations to Plaintiff under the terms and conditions of the contracts described above.

WHEREFORE, these Defendants pray that the Plaintiff take nothing by way of its Complaint; that the Complaint be summarily dismissed with prejudice; and that these Defendants be awarded reasonable attorney fees and costs incurred herein.

TODD HUNZEKER CHEVROLET,
OLDS, BUICK, INC., and
TODD HUNZEKER,

Defendants
By their Attorneys,

/s/ Steven J. De Luca
Steven J. DeLuca, Esq., #4192
Sullivan Signore Whitehead & DeLuca LLP
86 Weybosset Street, Suite 400
Providence, RI 02903
Tel: (401) 861-9900
Fax: (401) 861-9977

/s/ James D. Ruchti
James D. Ruchti, Idaho ISB #6366
Cooper & Larsen
151 N. 3rd Ave., Suite 210
Pocatello, ID 83205
Tel: (208) 235-1145
Fax: (208) 235-1182
(Mr. Ruchti to seek Admission Pro Hac Vice)

## II. COUNTERCLAIM AND DEMAND FOR JURY TRIAL

NOW come Counterclaimants, Todd Hunzeker Chevrolet, Olds, Buick, Inc. and Todd Hunzeker Ford Mercury, Inc. by and through their counsel of record, and for a cause of action against the above-named Counterdefendant, ADP, Inc., state and allege as follows:

### JURISDICTION AND VENUE

**I.**

Counterclaimant Todd Hunzeker Chevrolet, Olds, Buick, Inc. ("Hunzeker Chevrolet") is an Idaho corporation with its principal place of business in Soda Springs, Idaho.

**II.**

Counterclaimant Todd Hunzeker Ford Mercury, Inc. ("Hunzeker Ford") is an Idaho corporation with its principal place of business in Soda Springs, Idaho.

**III.**

Counterdefendant ADP, Inc. is a Delaware corporation with its principal place of business in Roseland, New Jersey. BZ Results is a division of ADP, Inc. and has a principal place of business at 2000 Nooseneck Hill Road, Coventry, Rhode Island 02816.

**IV.**

Counterclaimants seek damages in excess of $100,000. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**V.**

Venue is proper in this District because Counterdefendant's business division (BZ Results) conducts business operations within this District with its principal place of business in Coventry, Rhode Island.

### GENERAL ALLEGATIONS

**VI.**

Todd Hunzeker is the President of Hunzeker Chevrolet and Hunzeker Ford, which are located in Soda Springs, Idaho. These operations consist of two automobile sales lots.

**VII.**

At the beginning of the year in 2006, Todd Hunzeker entered into contractual negotiations with BZ Results. BZ Results held itself out as a company which specializes in creating car dealer websites and training those car dealerships to use web-based marketing to increase sales and market exposure.

**VIII.**

During negotiations, BZ Results promised to send a team of people to Soda Springs, Idaho to train Counterclaimants' employees on the use of BZ Results' products and to provide specific training for Counterclaimants' service, parts and sales departments so his stores could become internet driven. Counterdefendant referred to this program as a "boot camp."

**IX.**

During negotiations, Todd Hunzeker emphasized to BZ Results that the reason he was interested in their services/products was because he knew nothing about internet-based marketing and wanted enough exposure on the internet so when a potential customer made a web search to buy a vehicle in Idaho, a link to his store's website would come up.

**X.**

At the beginning of April, 2006, Counterclaimant Hunzeker Chevrolet entered into the Terms and Conditions Agreement which is attached as Exhibit A and incorporated herein by reference for all purposes.

**XI.**

At the beginning of April 2006, Counterclaimant Hunzeker Ford entered into the Terms and Conditions Agreement which is attached as Exhibit B and incorporated herein by reference for all purposes.

**XII.**

Counterclaimants did everything necessary to prepare their operations to take full advantage of Counterdefendant's services/products. At Counterdefendant's insistence, Counterclaimants hired a full-time internet manager and provided the internet manager with an office and a computer system. They also changed their company's marketing approach by taking steps to drive customers and potential customers to their website.

**XIII.**

Counterclaimants fulfilled their obligations under the contracts; however, Counterdefendant failed to fulfill its obligations under the contracts. Counterdefendant did not provide the "boot camp" it had promised or keep its promises to enhance Counterclaimants' search engine marketing profiles or their internet sales performances.

**XIV.**

Despite Counterclaimants' numerous complaints about Counterdefendant's performance under the contracts, Counterdefendant refused to fulfill its obligations. Counterclaimants were not able to locate their website on the internet, their employees were not properly trained, and Counterdefendant failed in other respects to fulfill their obligations under the contracts.

**FIRST CAUSE OF ACTION**

(Breach of Contract – Counterdefendant breached its contract with Hunzeker Chevrolet)

**XV.**

Counterclaimants re-allege and incorporate herein by reference Paragraphs I-XIV of this Counterclaim.

**XVI.**

Counterdefendant has breached its contract with Hunzeker Chevrolet and Counterdefendant is liable to Hunzeker Chevrolet for said breach.

**XVII.**

Hunzeker Chevrolet has and will suffer damage as a direct and proximate result of Counterdefendant's breach for which Counterdefendant is liable.

Wherefore, Hunzeker Chevrolet seeks:

a. Judgment in its favor and against Counterdefendant;

b. Money damages in an amount to be proven at trial;

c. Attorney fees, interest and costs; and

d. All other relief which this Court deems just and proper.

**SECOND CAUSE OF ACTION**

(Breach of Contract – Counterdefendant breached its contract with Hunzeker Ford)

**XVIII.**

Counterclaimants re-allege and incorporate herein by reference Paragraphs I-XVII of this Counterclaim.

**XIX.**

Counterdefendant has breached its contract with Hunzeker Ford and Counterdefendant is liable to Hunzeker Ford for said breach.

**XX.**

Hunzeker Ford has and will suffer damage as a direct and proximate result of Counterdefendant's breach for which Counterdefendant is liable.

Wherefore, Hunzeker Ford seeks:

a. Judgment in its favor and against Counterdefendant;

b. Money damages in an amount to be proven at trial;

c. Attorney fees, interest and costs; and

d. All other relief which this Court deems just and proper.

**THIRD CAUSE OF ACTION**

(Unjust Enrichment – Counterdefendant is unjustly enriched by Hunzeker Chevrolet)

**XXI.**

Counterclaimants re-allege and incorporate herein by reference Paragraphs I-XX of this Counterclaim.

**XXII.**

Counterdefendant requested that Hunzeker Chevrolet enter into a contract with Counterdefendant whereby Hunzeker Chevrolet would pay money for services/products from Counterdefendant pertaining to car dealership websites and training for those car dealerships to use web-based marketing to increase sales and market exposure.

**XXIII.**

Hunzeker Chevrolet conveyed a benefit upon Counterdefendant by providing payments.

**XXIV.**

It is inequitable for Counterdefendant to retain the benefits conveyed by Hunzeker Chevrolet without providing the promised services/products.

Wherefore, Hunzeker Chevrolet seeks:

a. Judgment in its favor and against Counterdefendant;

b. Money damages in an amount to be proven at trial;

c. Attorney fees, interest and costs; and

d. All other relief which this Court deems just and proper.

**FOURTH CAUSE OF ACTION**

(Unjust Enrichment – Counterdefendant is unjustly enriched by Hunzeker Ford)

**XXV.**

Counterclaimants re-allege and incorporate herein by reference Paragraphs I-XXIV of this Counterclaim.

**XXVI.**

Counterdefendant requested that Hunzeker Ford enter into a contract with Counterdefendant whereby Hunzeker Ford would pay money for services/products from Counterdefendant pertaining to car dealership websites and training for those car dealerships to use web-based marketing to increase sales and market exposure.

**XXVII.**

Hunzeker Ford conveyed a benefit upon Counterdefendant by providing payments.

**XXVIII.**

It is inequitable for Counterdefendant to retain the benefits conveyed by Hunzeker Ford without providing the promised services/products.

Wherefore, Hunzeker Ford seeks:

a. Judgment in its favor and against Counterdefendant;

b. Money damages in an amount to be proven at trial;

c. Attorney fees, interest and costs; and

d. All other relief which this Court deems just and proper.

TODD HUNZEKER CHEVROLET,
OLDS, BUICK, INC., and
TODD HUNZEKER FORD MERCURY, INC.

Counterclaimants
By their Attorneys,

/s/ Steven J. De Luca
Steven J. DeLuca, Esq., #4192
Sullivan Signore Whitehead & DeLuca LLP
86 Weybosset Street, Suite 400
Providence, RI 02903
Tel: (401) 861-9900
Fax: (401) 861-9977

/s/ James D. Ruchti
James D. Ruchti, Idaho ISB #6366
Cooper & Larsen
151 N. 3rd Ave., Suite 210
Pocatello, ID 83205
Tel: (208) 235-1145
Fax: (208) 235-1182
(Mr. Ruchti to seek Admission Pro Hac Vice)

**DATED the 8th day of September, 2008**

## CERTIFICATION

I hereby certify that on this 8th day of September, 2008, a true copy of the foregoing answer and counterclaim was e-mailed via ECF to Robin L. Main, Esq. and Jeffrey A. Mega, Esq., Hinckley Allen & Snyder, LLP, 50 Kennedy Plaza, Suite 1500, Providence, RI 02903.

/s/ Steven J. De Luca